The trial court's order dismissing defendant's appeal for want of prosecution is affirmed.

MᴄIɴᴛᴜʀꜰꜰ, C.J., and Mᴜɴsoɴ, J. concur.

[No. 1128-3.  Division Three.  November 21, 1975.]

Aʀɴoʟᴅ Moᴇʟʟᴇʀ, ᴇᴛ ᴀʟ, *Respondents,* v. Coʟᴜᴍʙɪᴀ Pʀoᴅᴜᴄᴇʀs, Iɴᴄ., *Appellant.*

*Ray L. Greenwood,* for appellant.

*Miller & Sackmann* and *Richard W. Miller,* for respondents.

Mᴜɴsoɴ, J.—Columbia Producers, Inc., appeals from an order quashing a writ of execution and dismissing its cause of action at the close of its case.

The basis for this appeal lies in the fact that Columbia Producers, Inc., filed suit in Grant County against Orville and Evangeline Moeller, d/b/a Moeller Feedlot #2, from whom it obtained a judgment for certain farm products sold by Columbia Producers, Inc., to Orville Moeller. In an attempt to execute upon the judgment, Columbia Producers, Inc., levied upon real property then owned in the name of respondents, Arnold and Curtis Moeller, and in which Orville Moeller previously held a one-third partnership interest. Arnold and Curtis Moeller commenced this

action to remove the cloud on their title created by the levy of execution.

At trial, it was stipulated that respondents, Arnold and Curtis Moeller, were the legal and equitable owners of record of the real property and in possession thereof under a claim of right. The only issue remaining was whether a conveyance by Orville and Evangeline Moeller of their one-third interest in the property of Arnold and Curtis Moeller was a fraudulent conveyance. The trial court concluded that such conveyance was not a fraudulent conveyance and quashed the writ of execution obtained by Columbia Producers, Inc. We affirm.

RCW 19.40.050[1] provides that a conveyance made "without fair consideration" while one is engaged in business, is a fraudulent conveyance, without regard to intent. RCW 19.40.030 provides:

> Fair consideration is given for property, or obligation,
> (1) When in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied, or
> (2) When such property, or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property, or obligation obtained.

The record evidences that the three Moeller brothers were partners in possession of this property which, at the time of the conveyance, was valued at between $200,000 and $400,000. It was agreed that the interest of Orville Moeller was one-third of the total value; placing Orville Moeller's interest in the property at between $66,000 and $133,000. Columbia Producers, Inc., contends that at the time of the conveyance Orville Moeller had incurred a business indebtedness to them for farm products when he

---

[1]"Every conveyance made without fair consideration when the person making it is engaged or is about to engage in a business or transaction for which the property remaining in his hands after the conveyance is an unreasonably small capital, is fraudulent as to creditors and as to other persons who become creditors during the continuance of such business or transaction without regard to his actual intent."

was insolvent. This contention is correct, but that fact alone does not make the conveyance fraudulent. The testimony reveals that in exchange for Orville Moeller's conveyance of his one-third interest he obtained a release from all obligations to pay any partnership indebtedness incurred by him during his participation in the partnership. Additionally, his brothers assumed payment of Orville's share of an annuity to their mother estimated at a projected sum of $23,000, and assumed payment of his debt owing to two sisters in the sum of $18,000. Lastly, Orville Moeller was overdrawn in the amount of $24,800 on his partnership capital account, and an additional $8,000 was credited as an exchange of feed between the brothers. Thus, the record reflects that in exchange for Orville Moeller's interest in the real property in issue, he was released from obligations in excess of $73,000.

We conclude, within the meaning of RCW 19.40.030, that the release and conveyance in issue constituted "fair consideration" for the transfer. The decision of the trial court is affirmed.

McINTURFF, C.J., and GREEN, J., concur.